# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

DAVID PATE                                                                                       PLAINTIFF

v.                                    NO. 5:17-cv-00083 JM/PSH

ARKANSAS DEPARTMENT OF CORRECTION                                  DEFENDANTS
and JAMES PLUMMER

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## FINDINGS AND RECOMMENDATION

Plaintiff David Pate ("Pate") began this case by filing a pro se complaint pursuant to 42 U.S.C. 1983 and joining the Arkansas Department of Correction ("ADC") and James Plummer ("Plummer") as defendants. Pate alleged in the complaint that he was placed on "mat restriction" by Plummer in retaliation for Pate having "dashed water on an officer." See Document 1 at CM/ECF 4. Pate alleged that because he had no mat, he had no choice but to sleep on a concrete floor, which caused him back problems.

The Prison Litigation Reform Act requires the Court to screen a complaint filed by a prisoner in which relief is sought against a governmental entity, officer, or employee. See 28 U.S.C. 1915A(a). The Court must dismiss such a complaint, or a portion thereof, if the prisoner has raised claims that: (1) are legally frivolous or malicious, (2) fail to state a claim upon which relief may be granted, or (3) seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. 1915A(b). In making the determination, the Court liberally construes the pro se complaint and accepts its factual allegations as true.

"The Eleventh Amendment bars any suit against a state in federal court unless the state has consented to suit or Congress has unambiguously abrogated the states' Eleventh Amendment immunity." See Reynolds v. Arkansas Department of Correction, 2008 WL 2857531, 3 (E.D.Ark. 2008) (Holmes, J.) (employment discrimination case). The court in that case additionally noted the following:

> … The Arkansas Department of Correction is a state agency that is 'the sole creation of the state' and has 'no separate identity' from the state and cannot be stripped of its official character. See Glick v. Henderson, 855 F.2d 536, 540 (8th Cir. 1988). The Arkansas Department of Correction has not consented to suit, nor did Congress abrogate the states' Eleventh Amendment immunity by enacting … [42 U.S.C.] 1983. Singletary v. Mo. Dep't of Corrs., 423 F.3d 886, 890 (8th Cir. 2005); Burk v. Beene, 948 F.2d 489, 493 (8th Cir. 1991).

See Id. In Houston v. Arkansas Department of Correction, 2015 WL 8540869 (W.D.Ark. 2015), the same rationale justified the dismissal of a prisoner's 42 U.S.C. 1983 claim against the ADC.[1]

Applying the law to Pate's complaint, his claim against the ADC involving the conditions of his confinement is the equivalent of a suit against the State of Arkansas. As Reynolds v. Arkansas Department of Correction and Houston v. Arkansas Department of Correction make clear, Eleventh Amendment immunity precludes such claims. The ADC should be dismissed from this case.

---

[1]

In Houston, the court stated, in part, the following:

> The claims against the Arkansas Department of Correction are barred by the Eleventh Amendment. [Citation omitted]. "The Eleventh Amendment bars suits against a State by citizens of that same State in federal court." [Citation omitted]. "'This bar exists whether the relief sought is legal or equitable.'" [Citations omitted]. "Congress did not abrogate constitutional sovereign immunity when enacting the law that was to become section 1983." [Citations omitted].
>
> Plaintiff's claims against an agency of the state are the equivalent of a suit against the state and Eleventh Amendment immunity precludes such claims. [Citation omitted]. …

See Id. at 5.

The undersigned recognizes that <u>sua</u> <u>sponte</u> dismissals are not favored. See <u>Haley v. Dormire</u>, 845 F.2d 1488 (8th Cir. 1988). Nevertheless, it is clear that Pate's claim against the ADC should be dismissed. The undersigned therefore recommends that his claim against the ADC be dismissed, and the ADC be dismissed with prejudice from this case. He may only proceed only against Plummer.

DATED this 13th day of April, 2017.

_____
UNITED STATES MAGISTRATE JUDGE